UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| CASEY L. AUSTIN, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 3:06-cr-053 |
| | ) | | 3:07-cv-407 |
| | ) | | (PHILLIPS/GUYTON) |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Casey L. Austin ("petitioner"). For the following reasons, petitioner's motion to amend [Court File No. 43] and motion for judicial notice [Court File No. 51] will be **DENIED**, the § 2255 motion to vacate will be **DENIED**, and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

I. Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II. Factual Background

Petitioner pleaded guilty without benefit of a plea agreement to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and was sentenced as an armed career criminal, pursuant to 18 U.S.C. § 924(e), to the mandatory minimum term of imprisonment of 180 months. Judgment was entered on November 6, 2006, and no appeal was filed. Because petitioner did not file a direct appeal, his judgment became final on November 20,

2006. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("an unappealed federal criminal judgment becomes final ten days after it is entered").

On February 20, 2007, the court received a letter from petitioner, asking for the status of his appeal and stating that he had told his attorney on the day of sentencing to appeal his sentence. [Court File No. 19]. On March 29, 2007, petitioner filed a *pro se* motion asking the court to appoint counsel to assist him in filing post-conviction and stating that he had received a letter from his attorney telling him that she did not file a notice of appeal because there was no issue to appeal. [Court File No. 20]. On April 23, 2007, petitioner filed a *pro se* motion asking the court to appoint counsel to file a notice of appeal for him. [Court File No. 22].

The motions were referred to the Magistrate Judge, who held a hearing on May 7, 2007. The Magistrate Judge's Memorandum and Order reflected that AUSA Tracy Stone was present at the hearing representing the government and Federal Defender Paula Voss was present in her capacity as defense counsel from indictment to sentencing; the defendant was not present. [Court File No. 25, p. 1].

The Magistrate Judge summarized Ms. Voss' testimony to be that "[s]he did not file an appeal and thought Defendant understood that there was no basis for an appeal." [*Id*. at 2]. Mr. Stone "noted that Defendant was sentenced as an armed career criminal, and his sentence was at the bottom end of the range for armed career criminal." [*Id*.]. The Magistrate Judge construed the pending motions "as a motion to appoint counsel and a

motion for relief under 28 United States Code Section 2255" [*id.* at 1] and then denied the motions.

> Defendant's motions [Docs. 20, 22], even when liberally construed, do not state any basis for granting the relief request [sic]. Moreover, the entire record of this case conclusively demonstrates that the prisoner is not entitled to relief under 28 United States Code Annotated Section 2255. While Section 2255 provides for the appointment of counsel in some instances, it does not allow counsel to be appointed when the record of the case conclusively shows that the defendant is not entitled to relief. Accordingly, because the Court finds no basis to appoint Defendant counsel or grant relief under Section 2255, Defendant's motions [**Docs. 20, 22**] are **DENIED**.

[*Id.* at 2]. Petitioner appealed the Magistrate Judge's decision; the appeal was denied by the District Judge. [Court File No. 29].

In support of his § 2255 motion, petitioner alleges that he received the ineffective assistance of counsel. He first claims that counsel should have objected to his status as an armed career criminal because his four prior convictions for aggravated robbery should only have counted as one conviction because they were related. He next claims that counsel was ineffective for refusing to fine a notice of appeal. In his motion to amend, petitioner alleges that counsel was ineffective because she failed to file a motion to suppress evidence. Petitioner also claims that the court erred in denying counsel for appeal, and, in a motion for judicial notice, that a subsequent amendment to the Sentencing Guidelines, specifically Amendment 709 to U.S.S.G. § 4A1.2., entitles him to resentencing.

III.   Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the

5

burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner's allegations of ineffective assistance of counsel are related to his being sentenced as an armed career criminal. The Armed Career Criminal Act (ACCA) provides a mandatory minimum sentence of fifteen (15) years for a person convicted of violating 18 U.S.C. § 922(g) who has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A violent felony is "any crime punishable by imprisonment for a term exceeding one year," that "(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. § 924(e)(2)(B).

Petitioner was found to be an armed career criminal based upon one prior conviction for robbery in 1993 and four prior convictions for aggravated robbery in 1995, as set forth in the Presentence Report:

> [O]n May 18, 1993, the defendant used a pistol to rob a female victim of her purse and assorted jewelry.
>
> [O]n September 29, 1995, the defendant used a shotgun to rob a female victim of her purse and its contents.
>
> [O]n September 26, 1995, the defendant and a co-defendant used a shotgun to rob a female victim of her purse and its contents.
>
> [O]n September 28, 1995, the defendant and a co-defendant used a shotgun to rob a female victim of an unidentified sum of money.

6

> [O]n September 27, 1995, the defendant and a co-defendant used a shotgun to rob a female victim of her money.

[Presentence Investigation Report, pp. 7-9, ¶¶ 26-30, respectively].

Petitioner contends that the four convictions for aggravated robbery in 1995 should have counted as only one conviction for ACCA purposes because they were related; he relies on section 4A1.2(a)(2) of the U.S. Sentencing Guidelines in support of his contention. Petitioner points out that the robberies took place over the course of four days, one each day; that he was arrested for all four robberies on the same day; and that he was sentenced to concurrent sentences on all four convictions on the same day in the Shelby County Criminal Court. Petitioner also claims that the same shotgun was used in each robbery.

Petitioner has confused the manner in which a defendant's criminal history is calculated under U.S.S.G. § 4A1.2(a)(2) with the question of whether a defendant is an armed career criminal under 18 U.S.C. § 924(e)(1). Clearly, petitioner was correctly classified as an armed career criminal under § 924(e)(1). The four aggravated robberies in 1995, as well as the prior armed robbery in 1993, were committed on difference occasions and involved different victims. *See, e.g., United States v. Jones*, 453 F.3d 777, 780 (6th Cir. 2006) (three robberies involving three separate victims at separate locations committed within a period of two hours constituted separate and distinct violent felonies for purposes of the ACCA); *United States v. Player*, 201 F. App'x 331, 336 n.1 (6th Cir. 2006) ("As long as the offenses were committed on separate occasions, it does not matter, for purposes of

determining a defendant's eligibility under § 924(e)(1), whether they were adjudicated together or combined for sentencing.").

Because petitioner was correctly classified as an armed career criminal, it would have been futile for counsel to have argued otherwise and her failure to do so was not ineffective assistance of counsel. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Petitioner also claims that, at the conclusion of the sentencing proceedings, he asked his attorney to file a notice of appeal, but his attorney failed to do so. In *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998), the Sixth Circuit held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Id*. at 459. The Sixth Circuit emphasized, however, "that a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id*. *See also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

As noted previously, petitioner's attorney did not file an appeal because she thought petitioner understood there was no basis for an appeal. Although petitioner claims to have told his attorney to file an appeal, he offers no facts to support that claim other than his bald assertion. In addition, petitioner does not state what the basis of an appeal would have been. A § 2255 movant has the burden of proving the substance of his allegations by a

preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Ashley v. United States*, 17 F. App'x 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962).

Assuming petitioner believes counsel should have appealed his classification as an armed career criminal, such an appeal would have been futile since petitioner was correctly classified under § 924(e)(1). An attorney is not required to raise meritless issues on appeal. *Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993). There is nothing in the record to suggest anything that would have been a legitimate basis for appeal.

In addition, the court itself would have advised petitioner of his right to appeal and that, upon his request, the Clerk of Court would prepare and file the notice of appeal for him. Under these circumstances, petitioner has failed to state a claim of ineffective assistance of counsel under the standard established in *Strickland*. *See, e.g., Roe v. Flores-Ortega*, 528 U.S. 470, 479-480 (2000) (in a case where the defendant pled guilty, was sentenced as expected, was informed of his appeal rights, and there were no nonfrivolous grounds for appeal, "it would be difficult to say that counsel is 'professionally unreasonable,' as a constitutional matter, in not consulting with such a defendant regarding an appeal").

Petitioner also claims that the court erred in denying his motion to appoint counsel for an appeal. At the time petitioner filed his motion for appointment of counsel, the time for filing a notice of appeal had expired and any appeal would have been dismissed as untimely.

*See United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006) (the time period for filing a notice of appeal "is both mandatory and jurisdictional"). Accordingly, the court did not err in denying the motion to appoint counsel for an appeal.

Petitioner has also filed a motion to amend the § 2255 motion to state an additional claim of ineffective assistance of counsel, namely that counsel failed to file a motion to suppress. For the following reasons, the motion to amend is time-barred and will be denied.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final. As previously noted, petitioner's conviction became final on November 20, 2006. Petitioner timely filed his original § 2255 motion on October 30, 2007. [Court File No. 36]. Petitioner's motion to amend the § 2255 was filed on January 7, 2008. [Court File No. 43]. The question, then, is whether the motion to amend is timely because it "relates back" to the original filing date.

"An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 640 (2005). *See also Oleson v. United States*, 27 F. App'x 566, 571, 2001 WL 1631828 *3 (6th Cir. December 14, 2001) ("Oleson's amendment does not escape the AEDPA statute of limitations by 'relating back' to previous claims -- Oleson's amendment raises an entirely new argument").

Petitioner's motion to amend raises a new claim of ineffective assistance of counsel which is unrelated to his original claims of ineffective assistance. His new allegation of ineffective assistance of counsel does not relate back to the original pleading, is time-barred, and will not be considered by the court.

In his motion for judicial notice, petitioner alleges his status as an armed career criminal is improper based upon a subsequent amendment to the Sentencing Guidelines, specifically Amendment 709 to U.S.S.G. § 4A1.2. As a result of Amendment 709 (effective November 1, 2007), § 4A1.2 now provides that prior sentences should always be counted separately "if the sentences were imposed for offenses that were separated by an intervening arrest ...." U.S.S.G. § 4A1.2(a)(2). If there is no intervening arrest, prior sentences should be counted as a single sentence if the sentences "resulted from offenses contained in the same charging instrument" or "were imposed on the same day." *Id*. Petitioner contends there was no intervening arrest in his cases and he was sentenced for the four aggravated robbery convictions on the same date.

Again, petitioner has confused the calculation of criminal history with the question of whether a defendant is an armed career criminal. In any event, the Sixth Circuit has held that "Amendment 709 does not apply retroactively. " *United States v. Vassar*, 346 F. App'x 17, 28 (6th Cir. 2009) (citations omitted). Amendment 709 thus affords petitioner no relief and his motion for judicial notice will be denied.

IV.     Conclusion

Petitioner's motion to amend and motion for judicial notice will be **DENIED**. Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                     s/ Thomas W. Phillips
                                     United States District Judge